A90A1491. ABBOTT v. GILL et al.
(398 SE2d 225)

BANKE, Presiding Judge.

The appellees brought this action against the appellant and several other defendants seeking to recover for injuries allegedly sustained as the result of the contamination of a water system serving their residential subdivision. The water system was owned by the Pine Forest Utility Corporation. In 1983, that corporation had entered into a written contract with the appellant under which he agreed, for a fee, to assume responsibility for the operation and main-

tenance of the system. That agreement was denominated a trust agreement and purported to transfer possession and control of the water system to the appellant as "trustee" of the purported trust. For this reason, the appellees had originally sued the appellant in his capacity as "as trustee for Pine Forest Utility Corporation. . . ." However, in an earlier appearance of the case before this court, we concluded that the 1983 agreement did not have the legal effect of creating a trust but was simply a contract pursuant to which the appellant assumed personal responsibility for the operation and maintenance of the water system. Accordingly, we held that "any viable claim against [him] must be predicated upon his assumption of the operation and maintenance of the Corporation's water system, and not upon his asserted capacity as . . . trustee." *Smith v. Hawks*, 182 Ga. App. 379, 385 (5) (355 SE2d 669) (1987).

Upon the return of the case to the trial court, the appellees filed an amended complaint deleting all references to the appellant as trustee and seeking instead to hold him liable as an individual, based on the same alleged acts of negligence on which their original claim against him had been predicated. The appellant filed a motion to strike or dismiss this amended complaint on the ground that it sought to add a new defendant without permission from the court in contravention of OCGA § 9-11-21, as well as because he had not been personally served with it and because the statute of limitation had run on the claim. The trial court denied the motion, and the case is now before us pursuant to our grant of the appellant's application for an interlocutory appeal from that ruling. *Held*:

The original designation of the appellant as the trustee of a trust which had assumed responsibility for the operation of the system clearly was mistaken, inasmuch as there was no such trust. Since no trust existed, it necessarily follows that the appellant was not acting on behalf of a trust in operating the water system but was discharging his own personal contractual obligation. The trial court was authorized to conclude under these circumstances that the amended complaint did not seek to add a new party but merely to correct a misnomer in the original description of the appellant.

" 'Where the real defendant has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint. (Cits.) Correction of a misnomer involves no substitution of parties and does not add a new and distinct party. (Cit.)' [Cits.]" *Cunningham, Tallman, Pennington, Inc. v. Case-Hoyte Color Printers*, 174 Ga. App. 488 (330 SE2d 598) (1985), citing *Atlanta Veterans Transp. v. Westmoreland*, 123 Ga. App. 466 (181 SE2d 504) (1971). Accordingly, the court did not err in denying the appellant's motion to strike or dismiss the recast complaint.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 27, 1990 —
REHEARING DENIED OCTOBER 12, 1990.

*Stanley M. Karsman, Bouhan, Williams & Levy, James M. Thomas,* for appellant.

*Ashman & Zipperer, Alex L. Zipperer III, Adams, Gardner, Ellis & Inglesby, Brent J. Savage, George L. Lewis, Beckmann & Pinson, Luhr G. Beckmann, Jr., Woodall & McGahee, John T. Woodall,* for appellees.