A92A2170. DOLLAR CONCRETE CONSTRUCTION COMPANY
v. WATSON et al.
(428 SE2d 379)

JOHNSON, Judge.

Billy Jay Watson and Allison Watson initiated an action against Jacinto Morales and Dollar Construction Company seeking to recover damages for injuries sustained when a vehicle driven by Morales struck Billy Jay Watson. Originally filed in DeKalb County on July 17, 1991, the suit named Dollar Construction Company as the sole defendant and identified Jack Reuben, whose address was in Louisville, Jefferson County, Georgia, as registered agent. It is not known if Jack Reuben was ever served with the suit, and the issue is of no consequence, as Dollar Construction Company was voluntarily dismissed from the action on August 14, 1991. On the same date, without leave of court, the Watsons filed an amended complaint naming Dollar Concrete Construction Company as the sole party defendant, identifying Muriel Dollar as the registered agent, and asserting that the corporation had already been served in Fayette County. It is uncontested that Muriel Dollar was personally served on August 8, 1991 with a copy of the original complaint naming Dollar Construction Company as defendant, although the original return of service from Fayette County was not filed with the Clerk of the Court of DeKalb County.

In January 1992, Dollar Concrete Construction Company filed an

answer and motion to dismiss the action alleging that Dollar Concrete Construction Company had been added as a party defendant without leave of court, that the court lacked personal jurisdiction over the corporation, and asserting that the action was now barred by the statute of limitation. The trial court denied the motion to dismiss. We granted Dollar Concrete Construction Company's petition for interlocutory review.

In its single enumeration of error, Dollar Concrete Construction Company asserts that the trial court erred in denying its motion to dismiss. We agree. OCGA § 9-11-21 states: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added *by order of the court on motion of any party* or of its own initiative at any stage of the action and on such terms as are just. . . ." (Emphasis supplied.) In *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983) this court held: "In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15 (Code Ann. § 81A-115), leave of court *must* first be sought and obtained pursuant to OCGA § 9-11-21 (Code Ann. § 81A-121). [Cits.]" (Emphasis supplied.) The record in this case makes it clear that leave of court to add a party to the existing case by amendment was never sought nor obtained. "Section 81A-121 [OCGA § 9-11-21] parallels Rule 21 of the Federal Rules of Civil Procedure, and the Federal courts have long construed it to require the obtaining of leave of court when the plaintiff seeks to assert a claim against one who is not already a party to the proceedings. The adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion. It is important that the status of parties not be altered or changed save under the supervision of the court. . . . Obtaining leave of court is a requisite." (Citations and punctuation omitted.) *Robinson v. Bomar*, 122 Ga. App. 564, 567 (2) (177 SE2d 815) (1970).

As in *Slater v. Brigadier Homes*, 198 Ga. App. 67 (400 SE2d 338) (1990), Dollar Concrete Construction Company was not a party to the suit at the time the amended complaint was filed. Therefore, "[A] binding precedent of the Supreme Court of Georgia is controlling in the instant case: '[Watson] contends correctly that (OCGA § 9-11-15 (a)) allows amendment as a matter of right before entry of a pre-trial order. Where, however, a party seeks to *add a new party* by amendment, as does [Watson] here, (OCGA § 9-11-15 (a)) must be read in pari materia with (OCGA § 9-11-21), which allows the dropping and adding of parties only *"by order of the court* on motion of any party."* Since no such motion or leave of court was granted in this case, the trial court [im]properly [denied] [Dollar Concrete Construction Company's] motion to dismiss.' (Emphasis in original.) [Cit.]" Id. at 67-68.

The Watsons argue that the amendment served only to correct a misnomer in the style of the case, and therefore leave is not required. This is not a misnomer case, because both Dollar Construction and Dollar Concrete Construction Company were in existence on the date the action was filed. The Watsons' reliance on *London Iron & Metal Co. v. Logan*, 133 Ga. App. 692 (212 SE2d 21) (1975) is misplaced. The *London* case, and a more recent case, *Abbott v. Gill*, 197 Ga. App. 245 (398 SE2d 225) (1990) hold that when the real party defendant has been properly served, a plaintiff has the right to amend in order to correct the misnomer in the description of the defendant contained in the complaint. However, this principle cannot be applied here because Dollar Concrete Construction Company had never been properly served.

The Watsons submitted a copy of the sheriff's return of service as an exhibit to their brief in opposition to the motion to dismiss. Pretermitting whether we can consider the return of service since the original return of service was not filed with the clerk of the court of DeKalb County and is not part of the official record in the case, the return is defective on its face. It states that the deputy "Served defendant Dollar Concrete Construction, Co. . . ." and is dated August 8, 1991. Dollar Concrete Construction Company was not a defendant in the case on that date, nor was Muriel Dollar identified as registered agent. The return, and hence service, is fatally defective. The Watsons are asking this court to allow service on a non-party to an action and later allow them to amend the complaint to include the non-party in the action without leave of court, claiming that they can do so because service was valid. Such an end-run approach to joining proper parties to a suit flies in the face of even the most liberal application of the Civil Practice Act. Dollar Concrete Construction Company, who would have been the proper party, has never been served in this action and the trial court erred in denying its motion to dismiss.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 8, 1993 —
RECONSIDERATION DENIED FEBRUARY 23, 1993 — 

*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier*, for appellant.

*William N. Robbins, Joseph A. Maniscalco, Jr., Brian R. Hutchison*, for appellees.