### A03A1837. COTTON et al. v. LAMB.
(593 SE2d 19)

BLACKBURN, Presiding Judge.

In this personal injury action, Thomas and Gloria Cotton (the "Cottons") appeal the trial court's order dismissing their complaint against Joshua Lamb, arguing that the trial court erred (1) in entertaining Lamb's untimely motion to dismiss, and (2) in dismissing their case on the ground that they had not exercised sufficient diligence in serving Lamb. For the reasons that follow, we reverse.

On March 2, 2000, Lamb, driving at a high rate of speed,

---

approached the Cottons' vehicle from behind, struck it, and forced it from the road. After the Cottons came to rest in the emergency lane, Lamb stopped briefly beside them and then drove off. Lamb was later arrested by the Georgia State Patrol and, on October 6, 2000, entered pleas of guilty to driving under the influence, following too closely, and leaving the scene of the accident.

The Cottons filed a personal injury suit on February 2, 2002. Service of the complaint was attempted in Wake County, North Carolina, at the address Lamb had given to the police for the accident report, but the entry of service was returned non est on March 14, 2002. Personal service at a DeKalb County address obtained by a detective agency retained by the Cottons was unsuccessful because the address proved inaccurate, and the Cottons subsequently retained a second detective agency.

The Cottons and their counsel, with the aid of the second private detective agency, contacted the Morgan County Probation Office on March 28, 2002, and learned that Lamb, who was on probation as a result of his guilty pleas, had never reported for probation, and that a warrant for his arrest was pending. On April 10, 2002, the Cottons again visited the Morgan County Probation Office and were told by a probation officer that Lamb still had not reported. On April 24, 2002, Lamb contacted his Morgan County probation officer and informed her that he was at a treatment facility in North Carolina. On May 3, 2002, the probation office requested that the warrant for Lamb be dismissed.

In May 2002, the trial court granted the Cottons' request that service be made by publication. Service by publication was made on four consecutive Thursdays beginning August 8, 2002.

On June 27, 2002, the Cottons once again contacted the Morgan County Probation Office; a probation officer informed the Cottons that she had learned that Lamb had entered a recovery program for homeless men who suffer from alcoholism and other drug addictions on May 28, 2001, that he had completed the recovery program on February 26, 2002, and that he was currently in a transitional program.

The Cottons had new process issued and retained a private detective agency in Wake County, North Carolina, to make service. On August 22, 2002, Lamb was personally served with the summons and complaint; however, the return of service was not filed with the trial court until October 1, 2002.

On September 24, 2002, one day after it was due, Lamb filed an answer, as well as a motion to dismiss without payment of costs pursuant to OCGA § 9-11-55, contending that he had never been served and setting forth a defense based on belated service. On November 4, 2002, the Cottons moved for default judgment. Lamb then tendered

costs to open default on November 21, 2002, after expiration of the 15-day statutory grace period. He also filed, on November 25, 2002, a reply to the Cottons' supplemental brief in response to the motion to dismiss, in which he argued that default should be opened. On December 5, 2002, the trial court entered an order dismissing the Cottons' complaint, finding, without comment or discussion, that their claim was barred by the statute of limitation but failing to address the Cottons' motion for default judgment.

1. In their first enumeration of error, the Cottons argue that the trial court erred in considering Lamb's motion to dismiss because it was not timely filed. The trial court erred in granting Lamb's motion to dismiss.

> When this case lapsed into default after the expiration of the 15-day statutory grace period, the [Cottons] became entitled to verdict and judgment by default as if every item and paragraph of [their] complaint was supported by proper evidence. OCGA § 9-11-55 (a). Instead, the trial court dismissed the complaint. Although OCGA § 9-11-55 (b) empowers a trial court with broad discretion to open default, that discretion is not without limit. By erroneously dismissing the [Cottons'] complaint, the trial court enabled [Lamb] to circumvent the strict requirements for opening default.

(Citations omitted.) *Sidwell v. Sidwell.*[1]

> A default may be opened if the defaulting party satisfies four conditions and one of the required three grounds. The four conditions are a showing made under oath, an offer to plead instanter, an announcement of ready to proceed to trial, and setting up a meritorious defense. The three grounds are providential cause, excusable neglect, and a proper case. While generally the opening of a default rests within the sound discretion of the trial court, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default.

(Citations and punctuation omitted.) *Roberson v. Gnann.*[2] An examination of Lamb's pleadings reveals that they "do not satisfy all of the requirements necessary to open a default judgment." Id. at 116 (4). They expressly contain neither "a motion to open default judgment"

---

[1] *Sidwell v. Sidwell*, 237 Ga. App. 716, 717-718 (1) (515 SE2d 634) (1999).
[2] *Roberson v. Gnann*, 235 Ga. App. 112, 115 (4) (508 SE2d 480) (1998).

nor "an express announcement that [Lamb] was ready to proceed to trial, as required by OCGA § 9-11-55 (b)." Id. Since Lamb did not satisfy all four conditions which must be met before a default may be opened under OCGA § 9-11-55 (b), the trial court was not authorized to exercise its discretion whether to open the default in this case. Therefore, we reverse the dismissal of the Cottons' complaint. *Sidwell*, supra at 718 (1).

2. The Cottons' remaining enumeration of error is moot.

*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 15, 2003 —
RECONSIDERATION DENIED JANUARY 8, 2004.

*James S. Grimes*, for appellants.

*Blasingame, Burch, Garrard, Bryant & Ashley, M. Steven Heath, Fortson, Bentley & Griffin, J. Edward Allen, Jr., Richard G. Douglass*, for appellee.