A05A1661. VALDOSTA HOTEL PROPERTIES, LLC v. WHITE.
(628 SE2d 642)

PHIPPS, Judge.

Valdosta Hotel Properties, LLC contends that the trial court erred in ruling that a lawsuit filed against it in reliance upon the renewal statute was not time-barred. We agree and therefore reverse the trial court's denial of summary judgment to Valdosta Hotel Properties.

Alleging that she suffered personal injuries in a slip and fall at a Hampton Inn located at 1705 Gornto Road, Valdosta, on June 21, 2000, Robbie White filed a complaint on June 20, 2002, just before expiration of the two-year statute of limitation for personal injuries.[1] White named as the sole defendant "Hilton Hotels Corporation d/b/a Hampton Inn Valdosta, GA," alleging that it operated the hotel at that address.

[1] See OCGA § 9-3-33.

The record contains four sheriff's returns of service. One shows that on June 26, 2002, defendant "Hilton Hotels Corporation d/b/a Hampton Inn Valdosta, GA" was served by leaving a copy of the complaint and summons with "Valerie Holmes (reg agent)." Another one shows that on that same date "Hampton Inns, Inc." was served by leaving a copy of the complaint and summons with "Valerie Holmes (reg agent)." A third return of service states that on July 6, 2002, "Sue Hicks Manager, Hampton Inn" was served by leaving a copy of the complaint and summons with "Nicky Robinson." And a fourth states that on July 22, 2002, "Valdosta Hotel Properties, LLC c/o its registered agent for service, David G. Mercer" was served by leaving a copy of the complaint and summons with "Debra Hood (Operations)."

Hilton Hotels Corporation answered and moved for summary judgment, challenging the sufficiency of service upon it and denying that it had any control over the operations of the hotel. It presented evidence of an agreement between one of its subsidiaries and Valdosta Hotel Properties, licensing the latter to operate a Hampton Inn hotel at 1705 Gornto Road, Valdosta. It also presented evidence that Hilton Hotels Corporation is a separate and distinct company from both Hampton Inns, Inc. and Valdosta Hotel Properties; that neither Hilton Hotels Corporation nor its subsidiary has ever had any responsibility for the daily operations, activities, or business affairs of Valdosta Hotel Properties; and that neither Hilton Hotels Corporation nor its subsidiary has any ownership interest in Valdosta Hotel Properties.

While that motion for summary judgment was pending and without leave of court, on December 9, 2002, White filed an "Amendment to Complaint to Correct Misnomer," stating that

Hilton Hotels Corporation d/b/a Hampton Inn Valdosta, Georgia, has been incorrectly designated in this action as the Defendant when the correct name of the Defendant is Valdosta Hotel Properties, LLC., d/b/a Hampton Inn Valdosta, Georgia. . . . Valdosta Hotel Properties, LLC., d/b/a Hampton Inn Valdosta, Georgia, by virtue of this amendment, is hereby substituted for Hilton Hotels Properties [sic] d/b/a Hampton Inn Valdosta, Georgia. . . .

That same day, White filed a voluntary dismissal without prejudice of Hilton Hotels Corporation in that suit.

Specially appearing, Valdosta Hotel Properties moved to dismiss White's case against it or, alternatively, to dismiss the case in its entirety. It argued that White's amendment was an attempt to drop and add a party, that such a change required leave of court pursuant to OCGA § 9-11-21, and that because White did not obtain leave of

court, the amendment was ineffective to add it as a party defendant. Moreover, Valdosta Hotel Properties argued, when White filed a voluntary dismissal of Hilton Hotels Corporation, her case was left with no defendant at all.

While that motion was pending, White filed on March 10, 2003 a voluntary dismissal of that case. On August 8, 2003, in reliance upon the renewal statute, she filed another action naming as defendants "Valdosta Hotel Properties, LLC. d/b/a Hampton Inn Valdosta" and its alleged owner and operator, David Mercer. The sheriff's returns of service show that the manager of the hotel was served that same month and that Mercer was served the following month.

Valdosta Hotel Properties and Mercer moved for summary judgment, asserting that White's personal injury action was barred as untimely.[2] The trial court granted the motion with regard to Mercer, but denied the motion with regard to Valdosta Hotel Properties. We granted Valdosta Hotel Properties' application for interlocutory review of the trial court's denial of its motion for summary judgment.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[3] We review a trial court's denial of summary judgment de novo, construing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[4]

1. Valdosta Hotel Properties contends that the trial court erred in ruling that White's 2003 suit against it was not time-barred.

White filed that suit as a renewal action in reliance upon OCGA § 9-2-61, which pertinently provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.[5]

However, "OCGA § 9-2-61 may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued."[6]

---

[2] See id.

[3] OCGA § 9-11-56 (c).

[4] *Wilson v. Allen*, 272 Ga. App. 172, 173 (612 SE2d 39) (2005).

[5] OCGA § 9-2-61 (a).

[6] *Brown v. J. H. Harvey Co.*, 268 Ga. App. 322, 323-324 (2) (601 SE2d 808) (2004) (citation and punctuation omitted).

Valdosta Hotel Properties maintains that White failed to make it a party to her original action filed in 2002. It cites OCGA § 9-11-21, which pertinently provides, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Valdosta Hotel Properties argues that because White filed the amendment in the 2002 case without leave of court, the amendment was ineffective to add it to the 2002 case as a party defendant.

White counters that compliance with OCGA § 9-11-21 was not required, advancing several arguments.

First, White claims she was entitled to file the amendment without leave of court pursuant to OCGA § 9-11-15 (a), which permits a party to "amend his [or her] pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." It is uncontested that no pretrial order was entered in the 2002 action.

This argument was made and rejected in *Dollar Concrete Constr. Co. v. Watson*,[7] where this court reiterated:

> In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15, leave of court *must* first be sought and obtained pursuant to OCGA § 9-11-21. The record in this case makes it clear that leave of court to add a party to the existing case by amendment was never sought nor obtained. OCGA § 9-11-21 parallels Rule 21 of the Federal Rules of Civil Procedure, and the Federal courts have long construed it to require the obtaining of leave of court when the plaintiff seeks to assert a claim against one who is not already a party to the proceedings. The adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion. It is important that the status of parties not be altered or changed save under the supervision of the court. Obtaining leave of court is a requisite.[8]

Thus,

> [White] contends correctly that OCGA § 9-11-15 (a) allows amendment as a matter of right before entry of a pre-trial order. Where, however, a party seeks to *add a new party* by

---

[7] 207 Ga. App. 452 (428 SE2d 379) (1993).
[8] Id. at 453 (citations and punctuation omitted).

amendment, as does [White] here, OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21, which allows the dropping and adding of parties only *by order of the court* on motion of any party.[9]

Because no such order was entered in White's original case, the amendment was ineffective to add Valdosta Hotel Properties as a defendant.[10]

Second, White argues that *Dollar Concrete Constr. Co.* cannot be followed because it violates binding precedent of the Supreme Court of Georgia set forth in *Franklyn Gesner Fine Paintings v. Ketcham.*[11] As did the plaintiffs in *Dollar Concrete Constr. Co.*, White characterizes the amendment as only correcting a misnomer of a party name, which does not require leave of court.[12] *Dollar Concrete Constr. Co.* rejected this characterization of the amendment in that case, noting that the amendment did not "serve[ ] only to correct a misnomer in the style of the case . . . because both [the party named in the original complaint] and [the intended defendant] were in existence on the date the action was filed."[13] White claims this language is contrary to language in *Franklyn Gesner Fine Paintings* overruling

> cases which stand for the proposition that it is prohibited to amend to change from the party first named to the party intended to be named where the party first named does in fact exist (as here), in which case the amendment was held to amount to the addition of a new party or a change of parties.[14]

But *Dollar Concrete Constr. Co.* did not hold that an amendment changing party defendants was *prohibited* because both companies existed. It held that an amendment attempting to substitute one company for another *without leave of court* is ineffective. The language isolated by White merely expounded on this court's determination that the amendment was not the type serving only to correct the misidentification of one particular party.[15] Moreover, in *Franklyn Gesner Fine Paintings*, the party seeking to amend its pleading to

---

[9] Id. (citation and punctuation omitted).

[10] See id.

[11] 252 Ga. 537 (314 SE2d 903) (1984).

[12] See *Atlanta Veterans Transp. v. Westmoreland,* 123 Ga. App. 466 (181 SE2d 504) (1971); OCGA § 9-11-10 (a).

[13] *Dollar Concrete Constr. Co.*, supra at 454.

[14] *Franklyn Gesner Fine Paintings*, supra at 540 (citations omitted).

[15] See *Atlanta Veterans Transp.*, supra; OCGA § 9-11-10 (a).

drop one party and put another in its stead had sought leave of court. Basing its ruling, in part, on the language quoted above, *Franklyn Gesner Fine Paintings* concluded that the party's request for leave to amend should have been granted. White has shown nothing in *Dollar Concrete Constr. Co.* that violates *Franklyn Gesner Fine Paintings*.

Third, White claims that the amendment was the type of misnomer correction that OCGA § 9-11-10 (a) permits without leave of court. That Code provision pertinently provides, "A party whose name is not known may be designated by any name; and, when his true name is discovered, the pleading may be amended accordingly." In *Atlanta Veterans Transp. v. Westmoreland*,[16] this court held that, pursuant to that Code provision, "[w]here the real defendant has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint."[17] We held there, as we have consistently held, "Correction of a misnomer involves no substitution of parties and does not add a new and distinct party."[18] In *Atlanta Veterans Transp.* and other cases where a party sought only to change a party's incorrect designation and did not seek to substitute or add a new and distinct party, this court allowed the amendment without leave of court pursuant to OCGA § 9-11-10 (a).

But the 2002 case was not within the purview of that Code provision. The uncontradicted evidence shows that Hilton Hotels Corporation and Valdosta Hotel Properties were separate and distinct companies and that only the latter operated the hotel where White allegedly was injured. White concedes in her brief that she initially "incorrectly believed that the actual corporate name of [the entity doing business as the Hampton Inn in Valdosta] was Hilton Hotels Corporation." And the record reveals that, upon filing the contested amendment, White separately dropped Hilton Hotels Corporation as a party defendant. Pretermitting whether Valdosta Hotel Properties was properly served,[19] we find that because the amendment plainly did not seek merely to correct a party's inadequate or defective designation, White's reliance on OCGA § 9-11-10 (a) is misplaced.[20]

---

[16] Supra.

[17] *Atlanta Veterans Transp.*, supra at 466 (citations omitted); see also *Anderson v. Bruce*, 248 Ga. App. 733, 736 (3) (548 SE2d 638) (2001).

[18] *Atlanta Veterans Transp.*, supra at 467 (citation omitted); see also, e.g., *Anderson*, supra; *Khawaja v. Lane Co.*, 239 Ga. App. 93, 94 (1) (520 SE2d 1) (1999); *London Iron & Metal Co. v. Logan*, 133 Ga. App. 692, 696 (2) (212 SE2d 21) (1975).

[19] Valdosta Hotel Properties claims that service in the original action was insufficient.

[20] Compare *Anderson*, supra at 735-736; *Atlanta Veterans Transp.*, supra; *Khawaja*, supra; *Abbott v. Gill*, 197 Ga. App. 245 (398 SE2d 225) (1990).

Fourth, White asserts that she referenced the trade name of Valdosta Hotel Properties in the caption of the 2002 complaint, apparently arguing that the amendment was therefore not necessary to bring that party into court. While an entity conducting business in a trade name may be sued in its trade name,[21] White simply did not sue the correct entity using its trade name.[22] She sued the wrong company, Hilton Hotels Corporation, erroneously claiming that *it* carried on business under the trade name "Hampton Inn Valdosta." The intended defendant is not brought into court where the wrong entity is named in the complaint, even where the intended defendant's trade name is referenced with "d/b/a."[23]

Fifth, White relies on *Fontaine v. Home Depot*,[24] where a party substitution was allowed under OCGA § 9-11-15 (c) after the expiration of the statute of limitation. White's reliance on *Fontaine* is misplaced. There, the plaintiff properly moved the court to amend his complaint to change defendants.[25] Furthermore, while OCGA § 9-11-15 (c) determines whether an amendment relates back to the date of the original pleading and encompasses an amendment "changing the party against whom a claim is asserted,"[26] nothing in that Code provision dispenses with the requirement of obtaining court approval where the amendment seeks to substitute one entity for another.[27] "A court order is required to add or drop parties under OCGA § 9-11-21, and even the liberal amendment provisions of OCGA § 9-11-15 are limited by this requirement."[28]

In *Good Ol' Days Downtown v. Yancey*,[29] the plaintiff filed an amended complaint that added a defendant. The newly named entity moved for summary judgment, contending in part that the lawsuit should have been dismissed against it because the plaintiff had failed

---

[21] *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 696 (2) (a) (527 SE2d 293) (1999).

[22] Compare id. at 695-696 (plaintiff could maintain action against a defendant identified only by defendant's trade name).

[23] *Ciprotti v. United Inns*, 209 Ga. App. 457, 459 (4) (433 SE2d 585) (1993) (a complaint may not be amended to change the party defendant by simply adding a different corporation's name as "d/b/a" or "a/k/a"); compare *London Iron & Metal Co.*, supra at 695-696 (where plaintiff's amendment changing designation of defendant from its trade name to its legal name did not result in any change of party defendant and where defendant had been properly served, plaintiff had the right to amend to correct the misnomer in the description of the defendant).

[24] 250 Ga. App. 123 (550 SE2d 691) (2001).

[25] Id.

[26] OCGA § 9-11-15 (c).

[27] See, e.g., *Ford v. Olympia Skate Center*, 213 Ga. App. 600, 601-602 (1) (445 SE2d 362) (1994) (notwithstanding the fact that the party first named and the real defendant were both legal entities, trial court should have granted motion to amend complaint to substitute a party pursuant to OCGA § 9-11-15 (c), where the requirements of that Code provision are met).

[28] *Khawaja*, supra (citations and punctuation omitted).

[29] 209 Ga. App. 696 (434 SE2d 740) (1993).

to seek leave of court to add it as a party. The trial court denied the motion. On appeal, the newly named party maintained that it had not been properly added as a defendant. This court concluded, however, "[T]he trial court's denial of [the] motion for summary judgment, made on the ground that no motion for leave to amend was filed, amounts to an implicit approval of [plaintiff's] amendment."[30]

During the pendency of Valdosta Hotel Properties' motion to dismiss White's original action because she had not sought leave of court to add it as a defendant, White voluntarily dismissed her case.[31] Because the trial court was therefore deprived of the opportunity to rule on the motion, there is no order in the record before us, such as that in *Good Ol' Days Downtown*, that could be construed as the trial court's implicit approval of White's amendment.

Sixth, isolating language in *Foskey v. Vidalia City School*,[32] White claims that the amendment was effective without leave of court. A fair reading of *Foskey*, however, renders this claim meritless.

Finally, we recognize that OCGA § 9-10-132 provides, "All misnomers . . . made in writs, pleadings, or other civil judicial proceedings, shall, on motion, be amended and corrected instanter. . . ." But because White filed no motion, she cannot rely on this Code section.[33]

Even under the most liberal application of the Civil Practice Act, White's amendment was ineffective to bring Valdosta Hotel Properties into the original lawsuit because leave of court was neither sought nor obtained.[34] Because Valdosta Hotel Properties was not a defendant in the original action, White's 2003 lawsuit against it cannot constitute a renewal action against it. The 2003 lawsuit, undisputedly filed after the expiration of the two-year statute of limitation applicable to personal injuries, is barred as untimely.[35] The trial court erred in finding otherwise and denying summary judgment to Valdosta Hotel Properties.

2. Valdosta Hotel Properties' remaining contentions, challenging, among other things, service in the original action, are moot.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

---

[30] Id. at 697 (1); see OCGA § 9-11-21 (permitting addition of party "by order of the court on motion of any party *or* of its own initiative at any stage of the action and on such terms as are just") (emphasis supplied).

[31] See OCGA § 9-11-41 (a) (permitting a plaintiff to dismiss the action without order or permission of the court by filing a written notice of dismissal at any time before the first witness is sworn).

[32] 258 Ga. App. 298 (574 SE2d 367) (2002).

[33] *Stephens v. McDonald's Corp.*, 245 Ga. App. 109, 110 (2) (536 SE2d 566) (2000) (an amendment made under OCGA § 9-10-132 requires leave of court).

[34] See *Dollar Concrete Constr. Co.*, supra at 453-454; see generally *Good Ol' Days Downtown*, supra.

[35] See generally *Campbell v. Coats*, 254 Ga. App. 57, 59 (1) (561 SE2d 195) (2002).

DECIDED MARCH 14, 2006 — 

*Misner, Scott & Martin, Steven J. Misner*, for appellant.

*Mann & Mann, Tommy C. Mann, Gambrell & Stolz, Charles M. Cork III*, for appellee.