**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2017**

# In the Court of Appeals of Georgia

A16A1665. LA MARA X, INC. v. BADEN.

BRANCH, Judge.

La Mara X, Inc., appeals the denial of its motion to open default. For the reasons shown below, we reverse.

"The sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9–11–55[1] have been met and, if so, whether the trial court abused its discretion

---

[1] OCGA § 9-11-55 (b) provides:

At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the

based on the facts peculiar to each case." *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 128 (1) (514 SE2d 884) (1999) (citations and punctuation omitted).

The record shows that on August 19, 2015, Karl Douglas Baden allegedly fell at the El Rodeo Mexican Restaurant in Marietta and died days later as a result of his fall. On September 4, 2015, an attorney for Karl sent a letter regarding the incident via overnight delivery to the restaurant at an address of 2719 Canton Road in Marietta, requesting the name and policy number of any applicable liability policies and demanding preservation of possible evidence. Someone signed for the letter at 2727 Canton Road, apparently the correct address for the restaurant, but no one ever responded. On October 22, 2015, Catherine Baden (hereinafter "Baden"), acting as the surviving spouse of her husband, filed suit against "El Rodeo Mexican Restaurant, Inc.," located at the 2719 address, based on her husband's alleged fall and death. The complaint named Rafael Jaime as the "owner and/or registered agent" of the corporate entity, and on November 4, 2015, Jaime was served with the summons

---

showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

and complaint, both of which named El Rodeo Mexican Restaurant, Inc. as the defendant.

As it turns out, however, Jaime was in fact the CEO and registered agent of two different Georgia corporations named La Mara X, Inc. and El Rodeo Restaurant #3, Inc. And on December 1, 2015, an attorney for one or both of these entities wrote to Baden's attorney informing him that he had sued the wrong entity and stating that, "as discussed, the El Rodeo Mexican Restaurant in Marietta, GA has no relationship with El Rodeo Mexican Restaurant, Inc."; that the restaurant "is owned by La Mara X, Inc. d/b/a El Rodeo Restaurant #3, Inc." ("La Mara"); and that, therefore "we will not be answering on behalf of El Rodeo Mexican Restaurant, Inc." The letter invited Baden's attorney to contact La Mara's counsel to discuss the matter further. Ultimately, La Mara did not answer.

For 76 days, Baden took no further action until, on January 19, 2016, Baden filed an amendment to the complaint to "correct [a] corporate misnomer" by identifying La Mara as the correct defendant and moved that the court enter default against La Mara for failing to answer the complaint. The court signed an order that day, granting default judgment against La Mara after finding that La Mara had been properly served on November 4, 2015, through Jaime, its registered agent; that La

3

Mara had failed to answer; and that Baden was therefore entitled to a judgment by default, with a hearing on damages to follow at a later time. The style of the order does not show La Mara as the defendant.

One week later, La Mara filed a special appearance and "without submitting itself to the jurisdiction or venue of this Court," answered the amended complaint, responded to Baden's motion for default, paid costs, and moved to open default.[2] In its filings, La Mara presented documents from the Secretary of State's office showing that the original defendant was a separate entity with a different address, a different CEO, and a different registered agent. And Jaime stated under oath in an affidavit that he is the owner of La Mara, which owns the restaurant; that the restaurant is located at 2727 Canton Road in Marietta; and that he has never been employed by or had any affiliation with the original defendant. Jaime also averred that he understood that La Mara had not been properly served and that he had no knowledge of a slip and fall occurring at his restaurant; rather, he had been told that "a customer had fainted or passed out, that an ambulance was called by my employees, and that the customer was

[2] Entry of default judgment on liability alone does not amount to a final judgment for purposes of OCGA § 9-11-55 (b), and therefore La Mara correctly sought to open default without having to seek to set aside the judgment. *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223) (1986).

4

transported to the hospital." Finally, Jaime averred that he was "prepared to assist in the defense of this matter" and that his restaurant's insurer had retained attorneys. Following a hearing, and in an order now identifying La Mara as the defendant, the trial court denied La Mara's motion to open default. We granted La Mara's application for appeal.

1. In its order denying La Mara's motion to open default, the trial court noted that three questions were posed by the motion: 1) "Was there a misnomer"; 2) "Was it corrected"; and c) "Should the Default Judgment be set aside under OCGA § 9-11-55." La Mara first challenges the trial court's determination that the naming of the original defendant was a mere misnomer for which the plaintiff was authorized to correct by amendment without leave of court. We agree with La Mara.

Because the correction of the defendant's name added a new party defendant, leave of court was required:

> OCGA § 9-11-15 (a) allows a party to amend his or her pleadings "as a matter of course and without leave of court at any time before the entry of a pretrial order." But, as our appellate courts have held on numerous occasions, when a party seeks to amend his complaint to *add a new party,* OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21, which requires a court order to add or drop parties.

5

*Wright v. Safari Club Intl.*, 322 Ga. App. 486, 493 (5) (745 SE2d 730) (2013) (citations omitted). "Thus, an amendment to a complaint adding a new party without first obtaining leave of the court is without effect." Id. at 494 (5) (citation and footnote omitted).

For example, in *Dollar Concrete Const. Co. v. Watson*, 207 Ga. App. 452 (428 SE2d 379) (1993), where the plaintiff named Dollar Construction Company ("DCC") as the sole corporate defendant but personally served the complaint on Muriel Dollar, the registered agent of Dollar Concrete Construction Company ("DCCC"), this Court held that a court order was required to amend the complaint to add DCCC as the real party defendant. Id. at 453. In so ruling, this Court held that where the incorrectly sued entity and the true defendant are actually in existence when the action was filed, the naming of the incorrect entity is no misnomer for which leave of court is not required. Id. Rather, leave of court was required because DCCC had never been properly served:

> The Watsons are asking this court to allow service on a non-party [DCCC] to an action and later allow them to amend the complaint to include the non-party in the action without leave of court, claiming that they can do so because service was valid. Such an end-run approach to joining proper parties to a suit flies in the face of even the most liberal application of the Civil Practice Act. Dollar Concrete Construction

6

> Company, who would have been the proper party, has never been served in this action and the trial court erred in denying its motion to dismiss.

Id. at 454. See also *Nat. Office Partners, L. P. v. Stanley*, 293 Ga. App. 332, 333-334 (667 SE2d 122) (2008) (court order required to correct defendant's name even though CT Corporation, which was served with original complaint, was the registered agent of the unnamed real defendant; "CT was not the registered agent of the corporation described in the complaint"; "the change in the name of the defendant was not a mere correction of a misnomer"); *Smith v. Vencare, Inc.*, 238 Ga. App. 621, 629 (3) (a) (519 SE2d 735) (1999) ("where there is an actual corporation by the same name as the alleged misnomer, there is no simple correction of the name as a misnomer . . . because the plaintiff has sued the wrong corporate entity") (citations omitted). Compare *Foskey v. Vidalia City School*, 258 Ga. App. 298, 302 (c) (574 SE2d 367) (2002) (holding that a trial court order is necessary to substitute the correct defendant who has not been served, for a real but wrong defendant)[3]; *U. S. Xpress v. W. Timothy*

[3] Baden quotes *Foskey* for the proposition that "where there has been actual service on the correct defendant but the defendant has been denominated by the wrong name in the pleadings, even if there exists another by such name, correction by amendment of this misnomer may be done, which does not constitute a substitution of parties." *Foskey*, 258 Ga. App. at 300 (a). But the quote is taken from a series of hypothetical factual scenarios used to illustrate the variety of misnomer and substitution cases, and the factual scenario addressed in the quote was not

7

*Askew & Co.*, 194 Ga. App. 730, 731 (391 SE2d 707) (1990) (amendment allowed without court order where defendant was misidentified in the complaint, the real party was served with the original complaint, and there was no evidence that original defendant was an existing corporation wholly different from the real defendant).

Accordingly, the trial court erred by concluding that there was a misnomer for which Baden could amend the complaint to add La Mara without leave of court. Baden's amendment to add La Mara was therefore ineffective.

2. La Mara next contends the trial court erred by denying its motion to open default. OCGA § 9-11-55 provides that default may be opened on one of three grounds if four conditions are met.

> The three grounds are: (1) providential cause, (2) excusable neglect, and
> (3) proper case. The four conditions are: (1) a showing made under oath,

---

addressed in *Foskey*; that case therefore is not controlling. Although *Foskey* cites two Supreme Court decisions as authority for this quotation, each is also distinguishable from the present case as shown in the emphasized portions of the following parentheticals. See *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984) (Supreme Court affirmed trial court's *grant of plaintiff's motion to substitute* the correct corporate party *plaintiff* for the incorrectly named individual *plaintiff*); *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (1) (303 SE2d 742) (1983) (holding that "where *the party plaintiff named in a complaint is not a legal entity* but is reasonably recognizable as a misnomer for a legal entity which is the real party *plaintiff*, the misnomer may be corrected by amendment") (emphasis supplied).

(2) an offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense.

*Wright v. Mann*, 271 Ga. App. 832, 832 (611 SE2d 118) (2005) (footnote omitted). "Compliance with the four conditions is a condition precedent and once met the question of whether to open the default on one of the three grounds rests within the sound discretion of the trial court." *Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 547 (629 SE2d 260) (2006) (citation omitted).

In opposing La Mara's motion to open default, Baden argued that La Mara had failed to show two conditions and failed to establish any of the grounds. Baden argued that La Mara failed to announce ready to proceed with a trial; failed to set up a meritorious defense; failed to provide a reasonable excuse for not filing a timely answer; and failed to show that it was a "proper case" for opening default. Without expressly ruling on the four conditions, the trial court held that La Mara had not shown any grounds for opening default. Accordingly, the trial court denied La Mara's motion to open default.

(a) The record shows that La Mara met the four conditions. Together with its motion to open default, La Mara raised a meritorious defense. LaMara presented an affidavit of Jaime, made under oath, in which he averred that he had information that

9

no customer had slipped and fallen at the restaurant. Further, La Mara filed an answer in which it asserted numerous defenses to Baden's claims, including that it acted with reasonable and ordinary care, that it did not cause or contribute to the alleged injuries, that the decedent failed to exercise ordinary care, that the act that allegedly caused the decedent's death was unforeseeable, that the decedent voluntarily assumed the risk, and that there was no dangerous condition on the premises at the time. See *Exxon Corp. v. Thomason*, 269 Ga. 761 (1) (504 SE2d 676) (1998) ("A defendant meets this requirement by showing that if relief from default is granted, the outcome of the suit may be different from the result if the default stands.") (footnote omitted).

In addition, Jaime paid costs, in fact pled instanter, requested a trial by jury in the answer, and averred that he was "prepared to assist in the defense of this matter," which taken together was a sufficient statement of readiness to proceed with the trial. See *Powell v. Eskins*, 193 Ga. App. 144, 145 (387 SE2d 389) (1989) (attorney's appearance demanding a trial by jury and stating that defendant "was ready to plead and proceed with adjudication of the case" satisfied the condition that defendant announce ready to proceed with the trial); cf. *Exxon*, 269 Ga. at 763 (3) (trial court has broad discretion to allow defendant to conduct discovery even after default has been opened and the defendant has announced ready for trial). Neither of the cases

10

cited by Baden that state that OCGA § 9-11-55 (b) requires an "express announcement" of readiness to proceed to trial actually examines whether certain representations constitute such an announcement. See *Cotton v. Lamb*, 265 Ga. App. 73, 75 (1) (593 SE2d 19) (2003) (defendant's pleadings did not contain either a motion to open default or an express announcement that defendant was ready to proceed to trial); *Roberson v. Gnann*, 235 Ga. App. 112, 116 (4) (508 SE2d 480) (1998) (neither verified answer, accompanying affidavit, or other filing contain an announcement of ready to proceed with trial or a legal excuse for late filing).

(b) As La Mara met the four conditions, we now proceed to the three grounds for opening a default. OCGA § 9-11-55 (b) permits the opening of default upon a showing of "providential cause, excusable neglect, or a proper case." "In keeping with the policy of deciding cases on their merits, this provision should be liberally applied." *Exxon*, 269 Ga. at 762 (2) (footnotes omitted).

With regard to the grounds for opening default, the trial court made specific findings regarding only excusable neglect: it found that La Mara should have known from the complaint that it was the real party in interest; that La Mara's attorney's decision not to file an answer was not excusable neglect but rather a strategic decision; and that the neglect of the attorney was the neglect of the client. As we have

11

already held above, however, La Mara was not properly served and Baden's attempt to amend the complaint to add La Mara without leave of court was ineffective. Accordingly, La Mara never has been properly made a party to this action. Moreover, because La Mara was not properly served, it was not under an obligation to answer, *Clark v. Dennis*, 240 Ga. App. 512, 513 (2) (522 SE2d 737) (1999), and it promptly informed Baden's counsel of the misidentification of the defendant in the complaint. "For purposes of OCGA § 9–11–55 (b), excusable neglect has been defined as referring to where there is a *reasonable excuse* for failing to answer." *Patel v. Gupta*, 234 Ga. App. 441, 443 (1) (507 SE2d 763) (1993) (citation and punctuation omitted; emphasis in original). "Excusable neglect means a reasonable excuse or justification for failure to answer timely; it is that neglect which might have been the act of a reasonably prudent person under the same circumstances." *COMCAST Corp. v. Warren*, 286 Ga. App. 835, 838 (1) (650 SE2d 307) (2007) (citation and punctuation omitted). As is already sufficiently shown above, here, La Mara plainly had a reasonable excuse for failure to answer timely. Accordingly the trial court abused its discretion in finding otherwise. The denial of La Mara's motion to open default is reversed.

*Judgment reversed. Mercier, J., concurs. Ellington, P. J.,* concurs in judgment only.