**THIRD DIVISION
DOYLE, P. J.,
HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 24, 2024**

# In the Court of Appeals of Georgia

A24A0933. HAMPTON v. WILLIAMS.

DOYLE, Presiding Judge.

Angela Hampton filed an action against Robert G. Williams ("Williams") and a few days later filed an amended complaint naming both Williams and Robert G. Williams III a/k/a Bobby Williams ("Williams III") as defendants. Williams III answered, discovery ensued, and after the trial court denied his summary judgment motion on the merits, Williams III moved to dismiss the action on the ground that Hampton never obtained leave to add him as a party (although he had been served with the complaint twice). The trial court granted the motion to dismiss, and Hampton now appeals. She argues that the trial court erred because (1) no leave was required to correct a misnomer, and (2) if leave was required, it was an abuse of

discretion to deny her leave to add Williams III as a party. For the reasons that follow, we reverse.

The material record is undisputed. Hampton initiated this action by filing her first complaint on October 7, 2020, against Robert G. Williams. The complaint alleged that Williams was an individual sui juris living on Beck Branch Road in Cairo, Georgia, and the owner of nearby farmland and livestock. According to the complaint, Williams negligently allowed his livestock to escape from his pasture, and Hampton, while driving at night on or about October 18, 2018, hit two of his cows on a dark road, causing her severe injuries. On October 9, 2020, a person named Robert Williams was personally served at the Beck Branch Road address.

Four days later, on October 13, 2020, Hampton filed an amended complaint naming Williams and Williams III as defendants. The complaint alleged that Williams and Williams III were individuals sui juris living at the Beck Branch Road address, that the "Defendants owned farm land and pasture," and that they negligently allowed their livestock to escape onto the roadway where Hampton drove into them. A return of service reflects that on October 21, 2020, a person named Robert Williams III was

personally served at the same Beck Branch Road address. It is undisputed that this is the same person served with the initial complaint.

Later the same month, Williams III timely filed an answer. His answer asserted a series of defenses, including the lapse of the statute of limitation and a defense stating: "To the extent applicable, this Defendant shows that this court lacks jurisdiction over his person and that he is not a proper Defendant in this case." The answer also stated: "Defendant admits that Defendant Robert G. Williams resides in Grady County, Georgia. Robert G. Williams died in 1997. Defendant admits that Robert G. Williams III resides in Grady County, Georgia and is sui juris."[1] No answer was filed on behalf of Williams.

Discovery ensued, and in January 2022, Williams III moved for summary judgment based on the alleged lack of evidence of his negligence in containing his livestock, in part due to his regular fence inspection and repair practices. The motion did not argue that Williams III was improperly added as a party at that time. Hampton opposed the motion, and following a hearing in April 2022, the trial court entered an

---

[1] (Emphasis omitted.)

order in May 2023,[2] granting the motion as to punitive damages but denied summary judgment based on the existence of genuine issues of material facts.

The following month, in June 2023, Williams III moved to dismiss the action on the ground that the original complaint was filed against his deceased father, Williams, and that Hampton had never filed a motion or obtained leave to add Williams III as a party. Hampton opposed the motion and filed an emergency motion for leave to file an amended complaint to add Williams III as a party. Williams III opposed the motion for leave to add him , and following a hearing, the trial court granted Williams III's motion to dismiss and denied Hampton's emergency motion for leave to add Williams III as a party. Hampton moved for reconsideration and filed a third amended complaint purporting to correct a misnomer pursuant to OCGA § 9-11-15 changing Williams (the remaining defendant) to Williams III. The trial court denied Hampton's motion for reconsideration and granted a certificate of immediate review. This Court granted Hampton's application for interlocutory review.

On appeal, Hampton first contends that the trial court erred by dismissing her action because, she argues, she was not required to obtain leave of court to correct the

---

[2] The order was signed in May 2022, but it was not entered until May 2023.

misnomer in her initial complaint.[3] She also argues that the trial court abused its discretion in denying her emergency motion to amend her complaint. We need not decide whether leave was required because, assuming for purposes of appeal that it was, it was an abuse of discretion to deny Hampton's emergency motion for leave to amend based on the record before us.

The legal context is as follows:

OCGA § 9-11-15 (a) allows a party to amend his or her pleadings "as a matter of course and without leave of court at any time before the entry of a pretrial order." But . . . when a party seeks to amend his complaint to add a new party, OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21, which requires a court order to add or drop parties. As we have explained, . . . [t]he adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion. It is important that the status of parties not be altered or changed save under the supervision of the court. Obtaining leave of court

---

[3] See generally *Foskey v. Vidalia City School*, 258 Ga. App. 298, 299 (a) (574 SE2d 367) (2002) ("[W]hen a misnomer occurs, such misnomer may be corrected by amendment rather than court order when the correct defendant was served but its name is incorrectly pled.").

is a requisite. Thus, an amendment to a complaint adding a new party without first obtaining leave of the court is without effect.[4]

Consistent with this, "an amendment that seeks to *correct the name* of the right party sued shall be permitted, but if a new party on the record is brought into the suit, then such substitution should be refused"[5] absent leave to do so.

In the instant case, the procedural history is unusual. First, Hampton sued Williams, the deceased father of Williams III, instead of Williams III. She apparently did this based on her receipt of a copy of Williams III's insurance policy identifying him as the insured by the name of Robert G. Williams. Based on this, she named Robert G. Williams and served the person living at his address going by the name "Robert Williams." Thus, on its face, it could be argued that the initial complaint misnamed the correct defendant, even though the correct defendant was properly served.

But this is complicated by the fact that Williams and Williams III are two different people, and Hampton's first amended complaint named both Williams III

---

[4] (Citations and punctuation omitted.) *Wright v. Safari Club Intl., Inc.*, 322 Ga. App. 486, 493-494 (5) (745 SE2d 730) (2013).

[5] (Emphasis supplied.) *Foskey*, 258 Ga. App. at 299 (a).

and his father, Williams, as sui juris defendants.[6] So this case does not fit neatly into the category of a misnomer. Thus, we have a situation where arguably both scenarios are true: Williams III was, in a sense, added as a party by amendment, but he also was properly served — twice, each time by a name he is known to use — and the initial complaint simply misnamed him. Further, there is nobody else going by the name Robert Williams living on Beck Branch Road who could be a party to the suit because Williams is deceased.

In this particular scenario, pretermitting Williams III's status as a party at the time of the first amended complaint, it was an abuse of discretion to deny Hampton's emergency motion for leave to add Williams III as a defendant, even at the late stage it was filed. "[M]ere delay in filing a motion to amend is not enough to warrant the denial of such a motion. Thus, while laches and unexcused delay may bar a proposed amendment, the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced."[7] This is, in part, because "when a

---

[6] "Black's [Law Dictionary] defines 'sui juris' as '[o]f full age and capacity' or '[p]ossessing full social and civil rights. . . .'" *In the Interest of W. L. H.*, 314 Ga. App. 185, 187, n. 3 (723 SE2d 478) (2012), citing Black's Law Dictionary (9th ed. 2009).

[7] (Citation, punctuation, and emphasis omitted.) *Kunkel v. Hillman*, 372 Ga. App. 250, 252 (1) (904 SE2d 91) (2024).

plaintiff can satisfy the statutory requirements for relation back of an amendment [filed after the statute of limitation], set out in OCGA § 9-11-15 (c), denying a motion for leave to amend the complaint to add a defendant is an abuse of the trial court's discretion."[8]

The relation-back requirements in OCGA § 9-11-15 (c) provide:

Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The record shows that these requirements have been met. The amended pleadings focus on the same allegedly negligent conduct of failing to prevent the livestock from entering the roadway, and it is undisputed that Williams III had notice,

---

[8] (Citation omitted). Id. at 251-252 (1).

participated in discovery, developed a defense on the merits, moved for summary judgment, and obtained partial relief as to punitive damages. Based on this record, there has been no prejudice to Williams III, and the mere lateness of the emergency motion to add Williams III as a party is not sufficient grounds to deny Hampton leave to properly make Williams III a party.[9]

This scenario is different from *Dollar Concrete Construction Co. v. Watson*,[10] in which the plaintiff sued Dollar Construction Company instead of Dollar Concrete Construction Company ("DCCC"). The plaintiff achieved personal service on someone alleged to be the agent of DCCC, but that return of service indicated that the agent was only served with a complaint against Dollar Construction Company and not DCCC, and the person served was not identified as DCCC's agent at the time she was

---

[9] See *Kunkel*, 372 Ga. App. at 253 (1) (denying a motion to add the correct defendant was an abuse of discretion despite a 13-month delay in seeking to add the party), citing *Seay v. Valdosta Kidney Clinic, LLC*, 353 Ga. App. 378, 381 (1) (837 SE2d 529) (2020) ("[M]ere delay in seeking leave to amend was not a sufficient reason for denying the plaintiffs' motion[, and] the loss of a statute of limitation defense is not the type of prejudice necessary to foreclose such amendment.") (citation and punctuation omitted).

[10] 207 Ga. App. 452 (428 SE2d 379) (1993).

served.[11] In that scenario, this Court held that DCCC had never been served properly, so the plaintiff could not add it as a defendant and piggyback on the earlier service on Dollar Construction Company, which had been voluntarily dismissed already.

Here, by contrast, there is no dispute that the proper defendant was actually served with a suit naming him, albeit by a name omitting the suffix "III" at the end of his legal name. Although this was a misnomer and, coincidentally, a name he shared with his deceased father, it cannot be said that Williams III was never properly served. He was served twice, each time listing his name as alleged in each complaint. In this sense, this is not a case in which the "plaintiff has sued and served the wrong . . . person"; instead, it is a case in which the plaintiff "served the right defendant under the wrong name."[12]

> We reach this conclusion guided by the principle that
>
> a suit at law is not a . . . game, but a serious effort . . . to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, it has fulfilled its purpose; and courts should not put

---

[11] Id. at 452, 454.

[12] *Foskey*, 258 Ga. App. at 300 (a).

10

themselves in the position of failing to recognize what is apparent to everyone else.[13]

To his credit, Williams III recognized what was plain, did not ignore the legal proceeding naming him, and appeared and challenged the merits of the action against him.[14] This advanced the interests of justice served by the Civil Practice Act and allowed him to assert any available defense, which he did with partial success. Accordingly, in light of the unique factual and procedural history of this case, including the absence of any harm to Williams III and the plausible misnomer scenario

---

[13] (Citation and punctuation omitted.) *Mathis v. BellSouth Telecommunications, Inc.*, 301 Ga. App. 881, 884 (690 SE2d 210) (2010).

[14] The fact that his answer stated a defense with a boilerplate assertion "that this Court lacks jurisdiction over his person[,] and he is not a proper Defendant in this case," does not change this analysis. It merely asserts a jurisdictional challenge and, in the context of personal jurisdiction, an ambiguous reference to the propriety of his appearance. At no point in the proceeding did Williams III challenge his status as the right defendant until he moved to dismiss approximately 32 months after filing his answer. Instead, he asserted substantive defenses based on his exercise of due care for his cattle and maintaining the fencing at issue. The reason he asserted these defenses is because he had been properly served with a suit alleging negligence by someone with a correct version of his name, as used in his insurance policy.

in the initial complaint, we conclude that the trial court erred by denying Hampton's emergency motion to add Williams III as a defendant.

*Judgment reversed. Hodges and Watkins, JJ., concur.*