## 72159. MILLER v. U. S. SHELTER CORPORATION OF DELAWARE.
(347 SE2d 251)

CARLEY, Judge.

Appellant-plaintiff filed a complaint in which she sought to recover damages for personal injury. The style of the action named "U. S. Shelter Corp. *of Delaware*" as the defendant. (Emphasis supplied.) The body of the complaint contained the following: "COMES NOW the plaintiff, . . . and files this her Complaint against the defendant, U. S. SHELTER CORP., and shows to the Court the following: . . . . The defendant, U. S. Shelter Corp., is a Delaware corporation doing business in the State of Georgia. Service may be had on its Registered Agent at C. T. Corporation Systems, 2 Peachtree St[r]eet, Atlanta, Georgia 30383. The defendant is and at all time[s] hereinafter mentioned was, the owner of an apartment complex located at 5700 Altama Avenue, in the City of Brunswick, County of Glynn, State of Georgia. . . ."

On February 4, 1985, the complaint and summons were served by the deputy sheriff of Fulton County. According to the certificate of the deputy sheriff, he "served the defendant U. S. Shelter Corp. *of Delaware*[,] a corporation, by serving C T Corp[.] System by leaving

a copy of the within and process with c/o [a named individual] at the office and place of doing business of said corporation, in Fulton County, Ga." (Emphasis supplied.) On the date of service, C T Corporation System mailed a letter addressed to appellant's attorney. In this letter, C T Corporation System stated: "We are returning to you herewith, [the] Summons and Complaint served in our office this date as registered agent for U. S. Shelter Corp. *of Delaware.* According to its records C T Corporation System is not the registered agent in Georgia for any corporation with that name. We have confirmed this information with the Secretary of State of Georgia. . . ." (Emphasis supplied.)

No timely answer to appellant's complaint was ever filed and, in April of 1985, appellant moved for default judgment "against the defendant, U. S. Shelter Corporation. . . ." Pursuant to OCGA § 9-11-55 (a), the trial court sitting without a jury considered evidence introduced by appellant regarding her damages. On April 26, 1985, the trial court entered a default judgment in a specified amount in favor of appellant "and against defendant. . . ."

Pursuant to OCGA § 9-11-69, appellant subsequently sought to depose the manager of the Brunswick apartment complex to which reference had been made in the complaint. The apartment manager was accompanied to the deposition by an attorney who stated for the record that he represented "U. S. Shelter Corporation." During the course of the deposition, counsel representing U. S. Shelter Corporation instructed the manager of the apartment complex "not to answer . . . on the grounds that . . . [the suit] purports to be . . . against an entity called U. S. Shelter Corporation *of Delaware* and that is not the name of the corporation that [the manager] works for." (Emphasis supplied.)

Appellant then filed a motion seeking an order from the trial court compelling the apartment complex manager to respond to such questions as might be propounded to her on deposition. A response to appellant's motion to compel was filed by U. S. Shelter Corporation. That response was to the following effect: "Both the lawsuit by [appellant] and the judgment rendered upon that lawsuit are against an entity known as U. S. Shelter Corp. *of Delaware.* There has been no lawsuit filed on behalf of [appellant] against U. S. Shelter Corporation, nor has there been service on U. S. Shelter Corporation of any suit similarly styled. The judgment for which [appellant's] counsel is attempting to take discovery is against an entity known as U. S. Shelter Corp. *of Delaware,* not U. S. Shelter Corporation. Because no existing lawsuit nor valid judgment exists against U. S. Shelter Corporation and U. S. Shelter Corporation is not a party to this action, [appellant's] counsel has no grounds for taking the deposition of [the apartment complex manager] who is an employee of U. S. Shelter

Corporation." (Emphasis supplied.)

Various documentary evidence which was filed in connection with appellant's motion to compel showed the following: "U. S. Shelter Corporation" is in fact the name of a corporation created under the laws of the State of Delaware. It is registered with the Secretary of State as a foreign corporation authorized to transact business in this State. The registered agent for "U. S. Shelter Corporation" on file with the Secretary of State is in fact C T Corporation System located at 2 Peachtree Street, N.W., Atlanta, Georgia, 30383. After the trial court conducted a hearing and considered the evidence, it entered an order which denied appellant's motion to compel. The trial court, however, certified its order for immediate review. Appellant applied to this court for an interlocutory appeal from the trial court's order. The instant appeal results from our grant of appellant's application.

1. The contention that the Delaware corporation named "U. S. Shelter Corporation" is not the party-defendant in appellant's action and not the proper debtor as to the default judgment entered therein is premised only upon the fact that both the style of appellant's complaint and the return of service, as evidenced by the deputy sheriff's certificate, refer to "U. S. Shelter Corp. *of Delaware.*" In support of the contention that these factors preclude any enforcement of the default judgment against it, U. S. Shelter Corporation relies only upon cases which pre-date our Civil Practice Act. However, those cases are not applicable authority. It is "the liberal policies of the Civil Practice Act" which are controlling in the instant case. *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (303 SE2d 742) (1983). The trial court's order has the substantive effect, though not the literal form, of a determination to "set aside" the default judgment as an enforceable judgment against U. S. Shelter Corporation. Under our Civil Practice Act, the setting aside of a judgment "must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. . . ." OCGA § 9-11-60 (d). Accordingly, resolution of the instant case is ultimately dependent upon whether U. S. Shelter Corporation can successfully invoke the provisions of OCGA § 9-11-60 (d).

2. " 'Where the *real defendant* has been *properly served*, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint. [Cits.] Correction of a misnomer involves no substitution of parties and does not add a new and distinct party. [Cit.]' [Cits.]" (Emphasis supplied.) *Cunningham, Tallman, &c. v. Case-Hoyte Color Printers*, 174 Ga. App. 488 (330 SE2d 598) (1985). In the instant case, there is no question that "U. S. Shelter Corporation" is the real party-defendant in appellant's action. Compare *Critz Buick, Inc. v. Aliotta*, 145 Ga. App. 805, 806 (2) (245 SE2d 56) (1978). Although the words "of Delaware"

follow the name of the defendant in the style of the action, " '[t]he courts have not attached too much importance to the mere formal parts of a petition. . . .' [Cit.]" *Mincey v. Stamper*, 253 Ga. 301, 302 (319 SE2d 857) (1984). " 'It is an elementary rule of pleading that substance, not mere nomenclature, controls.' [Cit.]" *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537, 539 (314 SE2d 903) (1984). The previously quoted substantive parts of appellant's complaint clearly identify the defendant as "U. S. Shelter Corp., . . . a Delaware corporation" and as an entity having a designated registered agent and with an interest in a specified apartment complex. The Delaware corporation that is in fact known as "U. S. Shelter Corporation" now opposes the deposing of one acknowledged as its employee-manager of that apartment complex but that corporation does not contest that it matches the description in the substantive portions of appellant's complaint in every particular. Thus, the style of the action evinces no more than a mere misnomer. Such a mere misnomer is not a nonamendable defect. See generally *Carroll v. Equico Lessors*, 141 Ga. App. 279 (1) (233 SE2d 255) (1977). Compare *Harrell v. Bank of the South*, 174 Ga. App. 384 (330 SE2d 147) (1985). "[A] mere '*misnomer* of a corporation . . . in a judicial proceeding is not material or vital in its consequences, *if the identity of the corporation intended is clear.* . . .' [Cits.]" (Emphasis in original.) *Hawkins v. Turner*, 166 Ga. App. 50, 51-52 (303 SE2d 164) (1983).

3. The decisive question is whether U. S. Shelter Corporation was properly served. It is undisputed that C T Corporation System is U. S. Shelter Corporation's registered agent for service of process. It has been established that summons and complaint were properly served on C T Corporation System. See OCGA § 9-11-4 (d) (2). Although the return of service, evinced by the deputy sheriff's certificate reflects that it was "U. S. Shelter Corporation *of Delaware*" that was served (emphasis supplied), OCGA § 9-11-4 (h) provides: "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

The federal courts, in construing their comparable Federal Rules of Civil Procedure, have held that, under certain circumstances, process or proof of service of process may be amended to correct a misnomer therein. "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. . . . 'As a gen[e]ral rule the misnomer of a corporation in a no-

tice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled.' [Cit.]" *United States v. A. H. Fischer Lumber Co.*, 162 F2d 872, 873 (4th Cir. 1947). Our own Georgia cases have implicitly followed this rationale and do *not* hold that the existence of a mere misnomer authorizes one freely to ignore the fact that he has been served with legal process. Those Georgia cases *do* hold that, after service had been effected, the issue of misnomer is "properly raised" by a motion to dismiss filed by the purported defendant and that, pursuant to OCGA § 9-11-4 (h), a mere misnomer may be corrected by amendment. See *State Farm Mut. Ins. Co. v. Smith*, 120 Ga. App. 345, 347 (170 SE2d 716) (1969) (citing *United States v. A. H. Fischer Lumber Co.*, supra). See also *Robinson v. Reward Ceramic &c. Mfg.*, 120 Ga. App. 380, 382 (170 SE2d 724) (1969) (citing *United States v. A. H. Fischer Lumber Co.*, supra).

U. S. Shelter Corporation apparently did not receive timely actual notice that process had been served on its registered agent. This was attributable, however, to C T Corporation System's apparent unilateral decision that it was obligated only to return to appellant's counsel all the documents that had been served upon it. Had C T Corporation System undertaken to inform its principal of the service of process, any issue of misnomer could have been "properly raised" in the trial court by a timely motion to dismiss. Had C T Corporation System also undertaken to inform appellant's counsel that it *was* the registered agent for a Delaware corporation named "U. S. Shelter Corporation," any issue of misnomer might have been obviated by the timely filing and service of an amended complaint and summons. Instead, C T Corporation System apparently relied upon its own assessment that its return of the documents with the bare denial that it was the registered agent for "U. S. Shelter Corp. of Delaware" would be sufficient to preclude a determination that legally sufficient service of process on its principal had been effected. The entry of default judgment being attributable entirely to U. S. Shelter Corporation's own registered agent, the binding effect of that judgment cannot now be avoided. See generally *S. Donald Norton Properties v. Triangle Pacific*, 253 Ga. 761 (325 SE2d 160) (1985). Proper service having been made on U. S. Shelter Corporation's registered agent, a mere misnomer in the process or proof of service thereof would be amendable under OCGA § 9-11-4 (h). See generally *Montgomery v. USS Agri-Chem. Div.*, 155 Ga. App. 189, 190 (2) (270 SE2d 362) (1980); *Knox v. Landers*, 160 Ga. App. 1, 3 (2b) (285 SE2d 767) (1981).

4. The trial court erred in holding that appellant may not compel U. S. Shelter Corporation to engage in post-judgment discovery. U. S. Shelter Corporation is the judgment-debtor on a default judg-

ment which is not subject to being set aside by reason of any nonamendable defect appearing upon the face of the record or pleadings. "The purpose of post judgment discovery under [OCGA § 9-11-69] is to aid a litigant to recover on a liability which has been established by a judgment and any question that seeks information which would lead to any property or sources of income of the judgment debtor is pertinent and allowable. [Cit.]" *Aldridge v. Mercantile Nat. Bank*, 132 Ga. App. 788, 789 (2) (209 SE2d 234) (1974).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 3, 1986 —
REHEARING DENIED JUNE 24, 1986 — ▮▮▮▮▮▮▮▮

*Amanda F. Williams*, for appellant.
*Terry Readdick, B. Kaye Katz*, for appellee.