## A98A0431. CARRIER TRANSICOLD DIVISION v. SOUTHEAST APPRAISAL RESOURCE ASSOCIATES, INC.

(504 SE2d 25)

MCMURRAY, Presiding Judge.

Carrier Corporation is a Delaware corporation registered to do business in Georgia, and its registered agent for service of process is C. T. Corporation System. Carrier Transicold Division is not a legal entity, but is a division of Carrier Corporation.

Plaintiff Southeast Appraisal Resource Associates, Inc. filed this action on an open account, naming as defendant Carrier Transicold Division. The complaint and summons were served on C. T. Corporation System as the registered agent for service, and the documents

---

were returned to plaintiff's attorney with the explanation that C. T. Corporation System was not the registered agent for service for a company by the name of Carrier Transicold Division.

Pursuant to plaintiff's motion, default judgment was entered against Carrier Transicold Division. After Carrier Corporation learned of the default judgment, it entered a limited appearance to petition the state court to set aside the default judgment. The state court denied the motion to set aside judgment, and this Court granted Carrier Corporation's application seeking permission to file a discretionary appeal. *Held*:

"It is a fundamental tenet of due process that a defendant have notice of suit in accordance with law." *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 162 (1), 163 (407 SE2d 64). One of the alternative methods of providing such notice to a corporate defendant is by service on a registered agent. See OCGA § 9-11-4 (d). The practical result of this statutory provision is the creation of a business, that is, the business of serving as registered agent. An entity in this business might serve as registered agent for any number of corporations. When such an entity is served with a lawsuit, it must determine if the named defendant is among its clients. If the named defendant is recognized as a client, the summons and complaint are forwarded to the client. This process is simple where the client is clearly named as defendant in a lawsuit. But the process can become more complex. "A corporation conducting business in a trade name may sue or be sued in the trade name. [Cits.]" *John L. Hutcheson Mem. Tri-County Hosp. v. Oliver*, 120 Ga. App. 547 (1) (171 SE2d 649). Thus, the entity in the business of serving as registered agent must be prepared to recognize the trade names of its clients and also to recognize some misstatements of its clients' names. See *Miller v. U. S. Shelter Corp. of Delaware*, 179 Ga. App. 469, 471-473 (2), (3) (347 SE2d 251). " 'A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. . . . "As a gen(e)ral rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled." (Cit.)' *United States v. A. H. Fischer Lumber Co.*, 162 F2d 872, 873 (4th Cir. 1947). Our own Georgia cases implicitly followed this rationale and do *not* hold that the existence of a mere misnomer authorizes one freely to ignore the fact that he has been served with legal process." (Emphasis in original.) Id. at 472-473 (3).

Unlike the *Miller* case, in which there was no issue as to the identity of the intended defendant, the substantive portions of the complaint, in the case sub judice, actively mislead as to the identity of the intended defendant. Plaintiff has alleged that the defendant Carrier Transicold Division "is a Delaware corporation registered to do business in the State of Georgia." Of course, this is a representation which excludes the possibility that the named defendant is a trade name of some other corporation. And it is clear from the *Miller* decision, a case also involving service upon the same registered agent, that C. T. Corporation System was not only authorized, but required to consider the substantive provisions of the complaint in determining the identity of the intended defendant. It follows that the action of C. T. Corporation System in returning the complaint to plaintiff was appropriate since it was not the registered agent of the corporation described in the complaint. Furthermore, there has been no proper service of process upon any defendant in the case sub judice, the state court lacked jurisdiction over any party defendant, and the motion to set aside pursuant to OCGA § 9-11-60 (d) (1) should have been granted.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 30, 1998.

*Long, Weinberg, Ansley & Wheeler, Mary D. Owens, Carol P. Michel*, for appellant.

*Thomas P. Stamps*, for appellee.