A99A1782. SAM'S WHOLESALE CLUB v. RILEY.
(527 SE2d 293)

BLACKBURN, Presiding Judge.

Sam's Wholesale Club (Sam's) appeals the trial court's denial of its motion to dismiss, motion to set aside, and motion to open default judgment. The issues on appeal concern whether: (1) this appeal is properly brought as a direct appeal; (2) Victoria Riley, in her suit against Sam's, named a proper party in the suit; (3) service was perfected; (4) the action fell within the exclusive remedy provisions of the Workers' Compensation Act; (5) the statute of limitation had expired; and (6) the trial court properly awarded compensatory damages after a bench trial. The trial court wrote a very thorough order including findings of fact and specific rulings on each of Sam's motions. After determining that the trial court's findings of fact are supported by the evidence, we have adopted much of the trial court's rendition.

"Upon appellate review, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. OCGA § 9-11-52 (a). The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them." (Citations and punctuation omitted.) *Lyon v. State of Ga.,* 230 Ga. App. 264 (495 SE2d 899) (1998).

*Oasis Goodtime Emporium I v. Cambridge Capital Group*, 234 Ga. App. 641, 643 (4) (507 SE2d 823) (1998).

On August 8, 1997, Riley filed the underlying complaint seeking compensatory and punitive damages for the defendant's alleged intentional infliction of emotional distress, assault, and attempts to commit physical injuries in violation of OCGA § 51-1-14. In her complaint, Riley named "Sam's Wholesale Club" as the defendant. On August 15, 1997, Deputy Bill Morgan of the Richmond County Sheriff's Department served the complaint and summons on a manager of Sam's, Tom Fernandez.[1] After Sam's failed to file an answer or other entry of appearance for over 90 days, Riley moved for a default judgment, which the trial court granted by order dated November 17, 1997.

On December 11, 1997, a bench trial was held on the issue of damages. The trial court bifurcated the issues of compensatory and punitive damages pursuant to OCGA § 51-12-5.1 (d). Although the hearing was not recorded, the trial court outlined its procedure in its order as follows:

> The [trial] Court, after hearing evidence on compensatory damages, found that actual and general damages had been proven and announced that they would be awarded to [Riley]. The [trial] Court did not state the amount of such award in open court or enter a written award of compensatory damages. The [trial] Court further determined that based on the evidence produced at trial that [Riley] had proven by clear and convincing evidence that [Sam's] actions showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences and that an award of punitive damages should be made. The [trial] Court then received evidence on the issue of punitive damages hearing testimony from an expert economist as to [Sam's] net worth. Due to time constraints the punitive damage phase of the trial could not be completed and the [trial] Court recessed the trial. On February 23, 1998, the [trial] Court re-convened the trial on the issue of punitive damages, giving notice to [Sam's]. [Sam's] did appear on February 23, 1998, more than six months after service of the summons and complaint.

---

[1] Although Deputy Morgan spelled it as "Herendez" on the Sheriff's entry of service, the correct spelling is "Fernandez." Sam's admitted " 'that Mr. Fernandez is a manager out there,' " but Sam's failed to produce any testimony from Fernandez regarding service.

Upon its appearance, Sam's filed an answer, a motion to open default judgment, a motion to dismiss, a motion to set aside the judgment, a motion for trial, and a motion for continuance. On February 9, 1999, the trial court entered its orders. The trial court awarded Riley $750,000 in compensatory damages based upon Sam's actions of intentional infliction of emotional distress and sexual assault, by and through overt acts, with acquiescence and ratification by Sam's management and other employees. In its second order, the trial court denied Sam's motion to dismiss, motion to set aside, and motion to open default judgment. The trial court also denied Sam's motion for jury trial with regard to compensatory damages, but granted it with regard to punitive damages. This appeal followed. The issue of punitive damages remains pending below.

1. Initially, we must resolve Riley's motion to dismiss Sam's direct appeal. Sam's filed the instant direct appeal as well as applications for interlocutory and discretionary appeal. Sam's applications for appeal were denied. Sam's direct appeal is proper, despite the fact that a claim for punitive damages remains pending. Pursuant to OCGA § 9-11-54 (b), a direct appeal is proper where the trial court specifically determines that its ruling on a claim is final and that there is no just reason for delay. In this case, the trial court made a final ruling with regard to compensatory damages and specifically found that there was no just reason for delay. Therefore, Riley's motion to dismiss Sam's direct appeal is denied.

2. The trial court did not abuse its discretion in denying Sam's motion to open the default. See *K-Mart Corp. v. Hackett*, 237 Ga. App. 127 (1) (514 SE2d 884) (1999) ("sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether . . . the trial court abused its discretion based on the facts peculiar to each case.").

(a) Sam's contends that "Sam's Wholesale Club" is not a legal entity and that, therefore, Riley's action cannot be maintained. Sam's argues that "Sam's Wholesale Club" is not a corporation registered to do business in the State of Georgia. Sam's contends that the proper legal entity is "Wal-Mart Stores, Inc." or the trade name "Sam's Club No. 8115."

The trial court found that "Sam's Wholesale Club" was a trade name of Wal-Mart. Such determination is supported by evidence. Wal-Mart holds the exclusive federal trade name registration for "Sam's Wholesale Club." The members' identification cards issued by Sam's specifically gives membership privileges to "Sam's Wholesale Club." Additionally, the record is replete with evidence of Sam's referring to itself as "Sam's Club," "Sam's Wholesale Club," or "Sam's Wholesale Club #8115."

> A corporation conducting business in a trade name may sue or be sued in the trade name. . . . A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled. Our own Georgia cases implicitly followed this rationale and do *not* hold that the existence of a mere misnomer authorizes one freely to ignore the fact that he has been served with legal process.

(Citations and punctuation omitted; emphasis in original.) *Carrier Transicold Div. v. Southeast Appraisal Resource Assoc.*, 233 Ga. App. 176, 177 (504 SE2d 25) (1998).

"A trade name is merely a name assumed or used by a person recognized as a legal entity. . . . An undertaking by an individual in a fictitious or trade name is the obligation of the individual." (Punctuation omitted.) *Crolley v. Haygood Contracting*, 201 Ga. App. 700, 702 (3) (411 SE2d 907) (1991). "A corporation conducting business in a trade name may sue or be sued in the trade name." *John L. Hutcheson &c. Hosp. v. Oliver*, 120 Ga. App. 547 (1) (171 SE2d 649) (1969).

The trial court's determination that Sam's Wholesale Club is a trade name for Wal-Mart, Inc. d/b/a Sam's Wholesale Club No. 8115 is supported by evidence and, therefore, will not be reversed on appeal.

(b) Sam's contends that service was never perfected. Sam's argument that the deputy's misspelling of Fernandez's name should support a finding of non-service is disingenuous at best. Sam's contention that the complaint was left with an unknown employee is wholly without merit. The trial court found, and the return of service indicates, that the suit was left with Tom Fernandez. Sam's admitted that he was a manager of the store. Service upon a business may generally be perfected by serving the manager at the subject location.

OCGA § 9-11-4 (d) (1) provides for service of process against a corporation by serving a managing agent. Furthermore, Sam's neither argues that its manager would not be authorized to accept service nor did it present any evidence from its manager that service was not received. See *Oasis Goodtime*, supra at 642 (1).

The trial court's denial of Sam's motion to open default judgment

on the grounds set forth above was not an abuse of discretion.

3. Sam's contends that Riley's complaint must be dismissed because the cause of action falls within the exclusive remedy provision of the Workers' Compensation Act. See OCGA § 34-9-11 (a). However, pretermitting whether Sam's argument is legally correct, it must fail because of the state of the record. Because Sam's is in default, the allegations of the complaint are deemed to be supported by proper evidence. See OCGA § 9-11-55 (a). Furthermore, the record does not contain a transcript of the evidence taken by the trial court at the hearing on damages. The appellant's failure to present a transcript of the evidence precludes review of the issue. See *Atwood v. Southeast Bedding Co.*, 236 Ga. App. 116 (1) (511 SE2d 232) (1999) (without the transcript, an appellate court must assume judgment below was supported by evidence). Without a transcript, the appellate court must presume that the trial court's findings of fact are supported by evidence. See id.

Moreover, in *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 862 (298 SE2d 528) (1982), this Court "refuse[d] to say that the risk of verbal and physical abuse of a sexual nature alleged by [the employee] belongs to or is in any way connected with what [the employee] had to do in fulfilling her responsibilities of employment." Based on the allegations in the complaint, the same can be said in the present case. Additionally, claims for intentional infliction of emotional distress are not precluded by the exclusivity provisions of the Workers' Compensation Act. See *Oliver v. Wal-Mart Stores*, 209 Ga. App. 703, 704 (434 SE2d 500) (1993).

4. Sam's contends that Riley's complaint must be dismissed because the statute of limitation had expired on her claims. Sam's argues that each individual wrongful act against Riley was a separate cause of action that initiated the running of the statute of limitation. The trial court determined that Riley was subjected to a continuing tort which did not conclude until her constructive firing on September 9, 1995, which started the running of the statute of limitation.

Sam's assertion of error is without merit due to its failure to properly raise the statute of limitation as a defense. Default judgment had been entered against Sam's before it raised a statute of limitation defense. Statute of limitation is an affirmative defense which must be properly raised or it is waived. See *Black v. Lowry*, 159 Ga. App. 57, 58 (1) (282 SE2d 700) (1981). Sam's statute of limitation defense was foreclosed by the entry of default judgment against it. See *Cassidy v. Wilson*, 196 Ga. App. 6, 8 (395 SE2d 291) (1990).

5. Sam's contends that the trial court erred by rendering its verdict on compensatory damages after some evidence on punitive dam-

ages was presented. Because this case was tried before the trial judge as a bench trial, we find no error. The trial judge announced that it was going to award compensatory damages and that it found the requisite conduct to award punitive damages before continuing the hearing by admitting evidence on punitive damages. A trial judge is presumed to have considered only legally admissible evidence. See *Schaffer v. City of Marietta*, 220 Ga. App. 382, 384 (2) (469 SE2d 479) (1996). Therefore, without some showing that the trial court considered the punitive damage evidence in its award of $750,000 in compensatory damages, we must presume that the award is based upon admissible evidence.

6. Sam's contends that the trial court erred in failing to award a jury trial as to compensatory and punitive damages. The trial court did award a jury trial to Sam's on the issue of punitive damages because it had not made its ruling as to such damages when Sam's filed its demand for jury trial. However, on the issue of compensatory damages the trial court had already heard all the evidence and determined that compensatory damages were proven. That part of the case was over, and as to it, Sam's demand for jury trial was not timely. The case cited by Sam's is distinguishable because it involves a situation where a jury trial was demanded before the trial began. See *Camilla Cotton Oil Co. v. C.I.T. Corp.*, 143 Ga. App. 840 (240 SE2d 212) (1977).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 30, 1999 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*McLain & Merritt, Anthony A. Rowell*, for appellant.
*John P. Batson, John J. Czura*, for appellee.