A08A1395. NATIONAL OFFICE PARTNERS, L.P. v. STANLEY.
(667 SE2d 122)

MILLER, Judge.

National Office Partners, L.P. ("NOP"), appeals from the trial court's order granting Tim Stanley's motion to correct a misnomer by substituting NOP in place of the named defendant, "National Office Partners Capitol LP," in the judgment, writ of fieri facias, and other orders and pleading associated with the case.[1] Since NOP was not properly served with the complaint, NOP's substitution as the defendant in this action was not the correction of a mere misnomer. Accordingly, we reverse.

On March 26, 2001, Stanley sued "National Office Partners Capitol LP" in the State Court of Fulton County. Stanley claimed that on or about March 30, 2000, he was exiting the defendant's building at One Concourse Parkway in Atlanta when he was struck in the head by a metal lock plate. He sought to recover $756.50 in special damages as well as damages for his pain and suffering. The complaint provided that the defendant was a Texas corporation registered to do business in Georgia and whose registered agent for service of process was CT Corporation System ("CT").

CT received the summons and complaint on March 28, 2001. It is undisputed that CT was at that time the registered agent for NOP, a Texas limited partnership registered to do business in Georgia, and that there was no foreign limited partnership or corporation registered to do business in Georgia with the name of "National Office Partners Capitol LP." On April 2, 2001, CT returned the papers to Stanley's counsel, writing that "[a]fter checking our records and the

---

[1] NOP's motion to strike Stanley's late-filed appellee brief is denied.

records of the Secretary of State of Georgia, it has been determined that [CT] is not the registered agent for a company by the name of National Office Partners Capitol LP." The record fails to show that after the papers were returned Stanley either served or attempted to serve NOP.

On May 28, 2002, the trial court entered a default judgment against National Office Partners Capitol LP, which had failed to answer, in the amount of $25,000 for "pain and suffering only." Over four years later, Stanley filed a "motion to amend judgment, writ of fieri facias and all orders and pleadings so as to correct a misnomer pursuant to OCGA § 9-10-132," by changing "National Office Partners Capitol, LP" to "National Office Partners, Limited Partnership." The trial court granted Stanley's motion. As a result, NOP became subject to the default judgment.

At issue is whether the trial court correctly granted Stanley's motion under OCGA § 9-10-132, which provides that "[a]ll misnomers, whether in the Christian name or surname, made in writs, pleadings, or other civil judicial proceedings, shall, on motion, be amended and corrected instanter without working unnecessary delay to the party making the same." We review the trial court's grant or denial of a motion to correct a misnomer for abuse of discretion. See *Wolfpack Enterprises v. Arrington*, 272 Ga. App. 175, 177 (2) (612 SE2d 35) (2005); *Kelley v. RS&H of North Carolina*, 197 Ga. App. 236, 238 (2) (398 SE2d 213) (1990).

NOP contends that because it never acknowledged service and because delivery of the summons and complaint to CT was insufficient to effect proper service, the change in the name of the defendant was not a mere correction of a misnomer. Rather, NOP argues, Stanley was required to move for substitution of a new party defendant under OCGA § 9-11-15. See *Foskey v. Vidalia City School*, 258 Ga. App. 298, 299 (a) (574 SE2d 367) (2002); *Stephens v. McDonald's Corp.*, 245 Ga. App. 109 (536 SE2d 566) (2000) (substitution of "McDonald's Corporation" for "Paul Messer Area McDonald's d/b/a McDonald's Restaurants" only allowable under OCGA § 9-11-15). Stanley responds that NOP was properly served on March 28, 2001, through its registered agent, CT, and so correction of a misnomer under OCGA § 9-10-132 was appropriate. We agree with NOP.

> *Where the real defendant was properly served or acknowledged service*, an amendment to correct a misnomer to set forth the correct identity of this defendant is not a change of parties requiring a court order, but a correction of a misnomer, even if the statute of limitation has run. ... The correction of a misnomer applies only when there is no

> change of parties and *does not add a new and distinct party, which had not been previously served in the case.*

(Citations omitted; emphasis supplied.) *Foskey*, supra, 258 Ga. App. at 300 (a). As NOP did not acknowledge service, whether the change of the defendant's name was merely a correction of a misnomer depends upon whether NOP was properly served in this case by the delivery of the summons and complaint to CT.

"As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled." (Citations and punctuation omitted.) *Carrier Transicold Div. v. Southeast Appraisal Resource Assoc.*, 233 Ga. App. 176, 177 (504 SE2d 25) (1998). In determining whether a misnomer is immaterial, the substantive provisions of the complaint control. See *Miller v. U. S. Shelter Corp. of Delaware*, 179 Ga. App. 469, 472 (2) (347 SE2d 251) (1986). Further, an "entity in the business of serving as registered agent must be prepared to recognize the trade names of its clients and also to recognize some misstatements of its clients' names." *Carrier*, supra, 233 Ga. App. at 177. Thus in *Miller*, where the style of the action incorrectly listed the defendant's name as "U. S. Shelter Corp. of Delaware," but the body of the complaint correctly identified the defendant as "U. S. Shelter Corp., . . . a Delaware corporation," service was effected by delivery of the summons and complaint to CT, the registered agent of U. S. Shelter Corp. Morever, service was effected notwithstanding that CT returned the papers to the plaintiff with the explanation that it was not the registered agent for U. S. Shelter Corp. of Delaware. Id. at 472-473 (3).

On the other hand, where the substantive provisions of the complaint show that the defendant is not the client of the registered agent, the registered agent acts appropriately in returning the complaint to the plaintiff. See *Carrier*, supra, 233 Ga. App. at 178 (CT, a registered agent of Carrier Corporation, properly returned to the plaintiff a complaint asserting claims against Carrier Transicold Division, notwithstanding that Carrier Transicold Division was a division of Carrier Corporation). In this case, both the caption and the body of the complaint identify the defendant as "National Office Partners *Capitol*, LP." Further, in the body of the complaint "National Office Partners Capitol, LP" is identified as a Texas corporation, a representation which excludes the possibility that it is a trade name of another legal entity. See id. Accordingly, "[u]nlike the *Miller* case, in which there was no issue as to the identity of the intended

defendant, the substantive portions of the complaint, in the case sub judice, actively mislead as to the identity of the intended defendant." Id.

It follows that CT acted appropriately in returning the complaint to Stanley, and service was never properly effected on NOP through CT. *Carrier*, supra, 233 Ga. App. at 178. Stanley nevertheless argues that CT could have and should have conducted additional diligence by reviewing the records of the Georgia Secretary of State and considering the address of the apartment complex listed in the complaint to determine if Stanley intended to serve NOP. But even if CT had considered these things, it remains that CT "was not the registered agent of the corporation described in the complaint." Id.

Since NOP was not served through its registered agent and did not acknowledge service, a correction of the defendant's name to reflect NOP as the party subject to the default judgment was not the correction of a mere misnomer. See *Foskey*, supra, 258 Ga. App. at 299 (a). Accordingly, the trial court abused its discretion in granting Stanley's motion. In light of the foregoing, we need not consider NOP's additional claims of error.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 15, 2008 — ▮▮▮▮▮▮▮▮

*Hawkins & Parnell, Kimberly D. Stevens, Jason L. Groch, Adam H. Long*, for appellant.
*Wiles & Wiles, Robert A. McDonald*, for appellee.