A09A2227. MATHIS v. BELLSOUTH TELECOMMUNICATIONS, INC.

(690 SE2d 210)

BLACKBURN, Presiding Judge.

Carolyn C. Mathis, d/b/a Private Secretary Professional Services, appeals pro se from the trial court's order finding that she had failed to effect service of the complaint she filed against BellSouth Telecommunications, Inc., d/b/a AT&T Georgia ("BellSouth") and dismissing the same with prejudice. Because the record shows that Mathis did properly serve BellSouth with the summons and complaint, we reverse.

"A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion." *Aikens v. Brent Scarbrough & Co.*[1] Such an abuse occurs where the trial court's ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law. See *Glisson v. Global Security Services.*[2]

Mathis initiated this litigation seeking to recover payments she made to BellSouth over a number of years, on the grounds that the company had failed to provide the telecommunication services for which Mathis had paid. On April 16, 2008, Mathis filed suit in the Magistrate Court of Fulton County, naming "AT&T Telecommunications" as the defendant. Mathis served "AT&T Telecommunications" on April 30, 2008 at CT Corporations System, 1201 Peachtree Street, Atlanta, Georgia. CT Corporations System returned the service papers to Mathis, copying the Fulton County Magistrate

---

[1] *Aikens v. Brent Scarbrough & Co.*, 287 Ga. App. 296, 297 (651 SE2d 214) (2007).
[2] *Glisson v. Global Security Svcs.*, 287 Ga. App. 640 (653 SE2d 85) (2007).

Court, stating that "AT&T Telecommunications is not listed on our records or on the records of the State of [Georgia]." On June 26, 2008, the Fulton County Magistrate Court ordered the case transferred to the Gwinnett County Magistrate Court, based upon Mathis's status as a Gwinnett County resident. Because Mathis's claim exceeded its jurisdictional limits, however, the Gwinnett County Magistrate Court transferred the case to the Gwinnett County State Court on July 10, 2008.

On July 16, 2008, Mathis (through the Marshal's office) served "AT&T Telecommunications" at Corporation Service Co. ("CSC"), 40 Technology Parkway, Suite 300, Norcross, Georgia. BellSouth filed a motion to dismiss, answer, and counterclaim to Mathis's complaint on August 15, 2008. BellSouth sought dismissal of the case based upon a lack of a proper party defendant, asserting that it was now doing business as "AT&T Georgia" and that there was no such entity as AT&T Telecommunications. BellSouth's answer asserted, inter alia, affirmative defenses based upon insufficient service of process and insufficiency of process, as well as a counterclaim for breach of contract.

In her response to the motion to dismiss, Mathis stated that she "now correctly identifies the defendant as BellSouth Telecommunications, Inc., d/b/a AT&T Georgia." She further stated that she had mistakenly identified the defendant as AT&T Telecommunications because she received her bills from AT&T, she made her checks payable to AT&T, and she mailed those checks to AT&T. Mathis also pointed out that while the complaint identified BellSouth by its trade name (AT&T), service of process on CSC, as the registered agent of BellSouth, was correct.

Following a hearing on BellSouth's motion to dismiss, the trial court entered an order on January 12, 2009 denying the same. Treating Mathis's response as a motion to substitute BellSouth as the proper party, the trial court granted the same and ordered Mathis to serve BellSouth with her summons and complaint within 30 days of the order, or by February 11, 2009. The trial court's order explicitly stated that "[f]ailure to properly serve the *new [d]efendant* within thirty (30) days will result in dismissal of this case." (Emphasis supplied.)

On January 20, 2009, Mathis filed a pleading captioned "As Ordered By this Court, Plaintiff Carolyn C. Mathis d/b/a Private Secretary Professional Services, Now Correctly Names the Defendant as BellSouth Telecommunications, Inc. d/b/a AT&T Georgia." This pleading was served both on BellSouth's attorneys of record and CSC. On March 5, 2009, BellSouth filed a second motion to dismiss, asserting that it still had not been properly served with process. In her response, Mathis stated that "[a]ll of the pleadings filed in this

case are stamped and filed in [the trial] court with copies being mailed to the defendant."

Finding no evidence that Mathis had effected service on BellSouth, the trial court entered an order dismissing Mathis's complaint with prejudice on May 7, 2009.[3] This appeal followed. We reverse, because the record shows that Mathis effected service on BellSouth through its registered agent, CSC. The trial court therefore erred in treating Mathis's response to the motion to dismiss as a motion to add a new party-defendant, as opposed to a motion to correct a misnomer, and further erred in requiring Mathis to serve BellSouth a second time.

Under Georgia law, "where there has been actual service on the correct defendant but the defendant has been denominated by the wrong name in the pleadings . . . correction by amendment of this misnomer may be done, *which [amendment] does not constitute a substitution of parties*." (Citations omitted; emphasis supplied.) *Foskey v. Vidalia City School*.[4] See also *Anderson v. Bruce*[5] ("where the real defendant has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint. *Correction of a misnomer involves no substitution of parties* and does not add a new and distinct party") (emphasis supplied). Such an amendment may be effected either by the filing of a motion and a court order, pursuant to OCGA § 9-10-132,[6] or by amendment of the complaint pursuant to OCGA § 9-11-15 (a). *Stephens v. McDonald's Corp.*[7] Regardless of the method by which the correction of a misnomer is achieved, however, the law does not require the plaintiff to serve the defendant a second time, after the correction has been made. This is because, as the foregoing demonstrates, correction of a misnomer is predicated on the fact that, although misidentified in the original complaint, the correct defendant was nevertheless served with that complaint.

Here, all of the evidence of record shows that BellSouth was

---

[3] We note that even had the trial court properly dismissed Mathis's complaint based upon insufficient service of process, such a dismissal should have been without prejudice. See *Hemphill v. Con-Chem, Inc.*, 128 Ga. App. 590, 591 (197 SE2d 457) (1973) ("[t]he important thing is that a judgment [of dismissal for insufficient service], which is not on the merits, be correctly denominated as one without prejudice") (punctuation omitted); *South v. Montoya*, 244 Ga. App. 52, 53 (1) (537 SE2d 367) (2000).

[4] *Foskey v. Vidalia City School*, 258 Ga. App. 298, 300 (a) (574 SE2d 367) (2002).

[5] *Anderson v. Bruce*, 248 Ga. App. 733, 736 (3) (548 SE2d 638) (2001).

[6] OCGA § 9-10-132 provides: "All misnomers, whether in the Christian name or surname, made in writs, pleadings, or other civil judicial proceedings, *shall, on motion, be amended and corrected instanter* without working unnecessary delay to the party making the same." (Emphasis supplied.) The term "Christian name," as used in this statute, "includes the name given to a corporation." *Foskey*, supra, 258 Ga. App. at 299.

[7] *Stephens v. McDonald's Corp.*, 245 Ga. App. 109, 110 (2) (536 SE2d 566) (2000).

properly served with the complaint. Specifically, BellSouth does not dispute that CSC is its registered agent. Moreover, unlike the summons and complaint Mathis originally served on CT Corporations Systems, the summons and complaint served on CSC were not returned. Accordingly, the return of service that was filed by the Marshal's office could "only be set aside upon evidence which [was] not only clear and convincing, but the strongest of which the nature of the case will admit." (Punctuation omitted.) *Franchell v. Clark*.[8] BellSouth, however, put forth no evidence showing that it had not been served through its registered agent; rather, it demonstrated that it had received service of process from CSC by appearing and filing an answer and a counterclaim. See *LecStar Telecom, Inc. v. Grenfell*[9] ("a misnomer of a defendant corporation is waived by an appearance and pleading to the merits") (punctuation omitted).

Furthermore, the record shows, and BellSouth acknowledges, that its trade name in Georgia is AT&T. As the registered agent for BellSouth, CSC was obligated "to recognize the trade names of its clients and also to recognize some misstatements of its clients' names" and to accept service, on behalf of its clients, of lawsuits filed under such misnomers. See *Nat. Office Partners, L.P. v. Stanley*.[10] See also *Sam's Wholesale Club v. Riley*[11] ("[a] corporation conducting business in a trade name may sue or be sued in the trade name"). This is because

> [a] suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled. . . . Georgia cases . . . follow[ ] this rationale and do *not* hold that the existence of a mere misnomer authorizes one freely to ignore the fact that he has been served with legal process.

(Punctuation omitted; emphasis in original.) Id.

---

[8] *Franchell v. Clark*, 241 Ga. App. 128, 130 (3) (524 SE2d 512) (1999).

[9] *LecStar Telecom v. Grenfell*, 273 Ga. App. 712, 713 (1) (616 SE2d 482) (2005).

[10] *Nat. Office Partners, L.P. v. Stanley*, 293 Ga. App. 332, 334-335 (667 SE2d 122) (2008).

[11] *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 696 (1) (a) (527 SE2d 293) (1999).

Given that BellSouth was properly served with the summons and complaint, the trial court erred in treating Mathis's response as a motion to add a new party-defendant under OCGA § 9-11-21 and in requiring her to serve BellSouth a second time. Rather, because BellSouth had been served, the trial court should have treated Mathis's response as a motion to correct a misnomer, pursuant to either OCGA § 9-10-132 or § 9-11-15 (a). Accordingly, we reverse the order of the trial court dismissing Mathis's complaint for insufficient service of process.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED JANUARY 7, 2010.

Carolyn C. Mathis, *pro se.*

*Mozley, Finlayson & Loggins, Christopher N. Shuman,* for appellee.