# Court of Appeals
# of the State of Georgia

ATLANTA,  January 19, 2021

*The Court of Appeals hereby passes the following order:*

**A21I0108. UNIVERSAL INDUSTRIAL GASES, INC. v. ACTION INDUSTRIES, INC. et al.**

Plaintiff Universal Industrial Gases, Inc. sued defendants Action Industries, Inc. and Allegheny Casualty Company for breach of contract and related claims, and the defendants moved to dismiss Universal's complaint. In a single order, the trial court granted the motion as to both defendants, on the ground that the complaint is barred by OCGA § 14-11-711 (a).[1] A counterclaim by Action Industries remains pending before the trial court. After the trial court issued a certificate of immediate review, Universal filed this timely application for interlocutory review, seeking to appeal the dismissal of its complaint.

In its order granting the defendants' motion to dismiss, the trial court expressly directed the entry of a final judgment and determined there is no just reason for delay as to the dismissal of Universal's claims against Allegheny Casualty. See OCGA § 9-11-54 (b) ("When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.").

---

[1] That statute provides: "A foreign limited liability company transacting business in this state may not maintain an action, suit, or proceeding in a court of this state until it is authorized to transact business in this state."

As a result, the order is directly appealable and not subject to the interlocutory appeal requirements as to those claims. See *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978); *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 695 (1) (527 SE2d 293) (1999). Moreover, the dismissal of Universal's claims against Action Industries – in the same trial court order and on the same grounds as the dismissal of its claims against Allegheny Casualty – may also be raised as part of such a direct appeal. See OCGA § 5-6-34 (d); see also generally *Southeast Ceramics, Inc. v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980) ("[W]hen a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court."); *Southwest Grease & Oil, Inc. v. Clarkson Power Flow, Inc.*, 243 Ga. 140, 140 (252 SE2d 513) (1979) (explaining that Code Ann. §§ 6-701 (a) (1) and 81A-154 (b) – the predecessors to OCGA §§ 5-6-34 (a) (1)[2] and 9-11-54 (b), respectively – "are to be construed together so that a determination of finality under the latter satisfies the finality requirement of the former").

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, this application for interlocutory review is hereby GRANTED. Universal shall have ten days from the date of this order to file a notice of appeal in the trial court. See OCGA § 5-6-34 (b). If Universal already has filed a notice of appeal in the trial court, then it need not file a second notice. The clerk of the trial

---

[2] OCGA § 5-6-34 (a) (1) authorizes direct appeals to be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." This action does not fall within the categories of cases governed by OCGA § 5-6-35.

court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>  01/19/2021     </u>
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*